**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**BENJAMIN ALVARADO,**

              Plaintiff,

**vs.**                           **CASE NO.** _____

**NATIONAL ASSET &**
**RISK MANAGEMENT, LLC,**

              Defendant.
_____/

**COMPLAINT**
**JURY DEMAND**

1. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, 1337 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and Defendant placed telephone calls into this District.

**PARTIES**

3. Plaintiff, Benjamin Alvarado is a natural person and a citizen of the State of Florida, residing in Pasco County in the Middle District of Florida.

4. Defendant, National Asset & Risk Management, LLC is a foreign limited liability corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business and corporate offices in Ambridge, Pennsylvania.

5. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6. Defendant regularly collects or attempts to collect debts for other parties.

7. Defendant is a "debt collector" as that term is defined in the FDCPA and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

8. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

9. Defendant is a "consumer collection agency" as defined in the FCCPA.

## FACTUAL ALLEGATIONS

10. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family, or household purposes.

11. Defendant left the following pre-recorded messages on Plaintiff's voice mail on his cellular telephone on or about the dates stated:

   <u>January 16, 2012 at 3:31 p.m.</u>
   "866-202-5804. That number again is 866-202-5804. Thank you."

12. The Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

13. The messages are "communications" as defined by 15 U.S.C. § 1692a(2). *See* <u>Belin v. Litton Loan Servicing</u>, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla. July 14, 2006) (holding that messages left on the debtor's answering machine were "communications" under the FDCPA); <u>Foti v. NCO Fin. Sys.</u>, 424 F.Supp.2d 643, 655-56 (S.D.N.Y.2006) (holding that a voice mail message is a "communication" under the

FDCPA); Hosseinzadeh v. M.R.S. Assocs., Inc., 387 F.Supp.2d 1104, 1115-16 (C.D.Cal.2005) (same).

14. Defendant failed to inform Plaintiff in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages and failed to disclose Defendant's name.

15. Defendant is not registered to collect debts in the State of Florida as required by Fla. Stat. § 559.553.

### COUNT I
### FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(6)

16. Plaintiff incorporates Paragraphs 1 through 15 above as if fully set forth herein.

17. Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and purpose in the telephone messages in violation of 15 U.S.C §1692d(6). *See* Valencia v The Affiliated Group, Inc., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008 (S.D.Fla., September 23, 2008); Wright v. Credit Bureau of Georgia, Inc., 548 F. Supp. 591, 593 (N.D.Ga. 1982); and Hosseinzadeh v. M.R.S. Assocs., 387 F. Supp. 2d 1104 (C.D. Cal. 2005).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

  a. Damages;

  b. Attorney's fees, litigation expenses and costs of suit; and

      c. Such other or further relief as the Court deems proper.

## COUNT II
### FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(11)

18. Plaintiff incorporates Paragraphs 1 through 15 above as if fully set forth herein.

19. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). *See e.g.* Foti v. NCO Fin. Sys., 424 F. Supp. 2d 643, 646 (S.D.N.Y. 2006); Belin v. Litton Loan Servicing, 2006 U.S. Dist. LEXIS 47953 (M.D.Fla. 2006); Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (S.D.N.Y. 2006).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

      a. Damages;

      b. Attorney's fees, litigation expenses and costs of suit; and

      c. Such other or further relief as the Court deems proper.

## COUNT III
### UNFAIR PRACTICES IN VIOLATION OF THE FDCPA, 15 U.S.C. § 1692f

20. Plaintiff incorporates Paragraphs 1 through 15 above as if fully set forth herein.

21. Defendant used unfair and unconscionable means to collect or attempt to collect a debt by attempting to collect a debt in Florida without being licensed to collect

debts in Florida as required by Fla. Stat. § 559.553 in violation of 15 U.S.C §1692f. *See* Gaetano v. Payco of Wisconsin, 774 F. Supp. 1404 (D. Conn. 1990).

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

/s/ James S. Giardina
JAMES S. GIARDINA
Fla. Bar. No. 0942421
The Consumer Rights Law Group
3104 W. Waters Avenue, Suite 200
Tampa, Florida 33614-2877
Tel: (813) 435-5055 ext 101
Fax: (866) 535-7199
James@ConsumerRightsLawGroup.com
*Trial Counsel for Plaintiff*