UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BENJAMIN ALVARADO,**

    Plaintiff,

v.                                          Case No. 8:12-cv-1563-T-30TGW

**NATIONAL ASSET & RISK MANAGEMENT, LLC,**

    Defendant.
_____/

## DEFAULT FINAL JUDGMENT

THIS CAUSE comes before the Court upon Plaintiff Alvarado's Motion for Default Judgment (Dkt. 10) against Defendant National Asset & Risk Management, LLC, a/k/a National Asset Management, LLC. Plaintiff filed a complaint against Defendant alleging three violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.* Service was perfected upon Defendant on October 3, 2012. The Clerk entered a default against Defendant on November 9, 2012. As of the date of this Order, Defendant has failed to file any response to either the complaint or default.

Plaintiff alleges that Defendant left the following pre-recorded message on the voice mail of his cellular telephone: "866-202-5804. That number again is 866-202-5804. Thank you." According to the complaint, Defendant left similar or identical messages on other occasions. Plaintiff alleges Defendant violated the FDCPA by failing to make a meaningful disclosure of identity, failing to disclose its status as a debt collector, and using unfair and

unconscionable means to collect a debt by failing to be licensed by Florida to collect debts as required by Florida Statute, § 559.553. Plaintiff does not seek actual damages, only statutory damages and the award of attorney's fees and costs.

Under 15 U.S.C. § 1692k(a), a successful plaintiff is entitled to damages as follows:

(1) any actual damage sustained by such person as a result of such failure;
(2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or
. . .
(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

Furthermore, Congress set forth statutory factors to consider when determining the amount of liability: "(1) in any individual action under subsection (a)(2)(A) of this section, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional."

At present, the alleged wrongful conduct cannot be said to be frequent and persistent because the complaint fails to identify or approximate how many times the message was left, except to allude to more than twice. Furthermore, the nature of the alleged noncompliance, failing to identify the caller, is not egregious or blatantly intended to harass Plaintiff. Lastly, there are no allegations in the complaint that support the conclusion that the noncompliance, particularly the failure to be licensed in accordance with Florida law, was intentional by the Defendant. Therefore, Plaintiff is entitled to an award of statutory damages only in the amount of $300. *See Lester E. Cox Medical Center, Springfield, Mo. v. Huntsman*, 408 F.3d 989 (8th Cir. 2005) (affirming a nominal damages award of $1.00 because the district court

found the noncompliance to be "not frequent, persistent, or intentional and minor in nature"). However, because the statute mandates an award of reasonable attorney's fees and costs, Plaintiff is entitled to them.

It is therefore **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion for Default Judgment (Dkt. 10) as to Defendant National Asset & Risk Management, LLC, a/k/a National Asset Management, LLC, is granted in part.

2. The Clerk is directed to enter FINAL JUDGMENT in favor of Plaintiff Alvarado against Defendant National Asset & Risk Management, LLC a/k/a National Asset Management, LLC, in the amount of $300.

3. Plaintiff shall file a motion for attorney's fees and costs, detailing the hours spent, reasonable hourly rate charged, and expenses incurred, within fourteen (14) days of this Order pursuant to Local Rule 4.18, Fed. R. Civ. P. 54(d), and 15 U.S.C. § 1692k(a)(3).

**DONE** and **ORDERED** in Tampa, Florida on November 20, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2012\12-cv-1563.defaultjudgment.frm